915 F.2d 1572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elwood H. JONES, Jr., Plaintiff-Appellant,
v.
Barbara B. NICHOLS, Carl Witschi, Gary Wills, Buckeye Barber
College, Jim Crock, R. Foster, Lt., J. Groeber,
Sgt., Jim Stanforth, Defendants-Appellees.
 No. 90-3068.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1990.
 
 Before NATHANIEL R. JONES and WELLFORD, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Elwood H. Jones, Jr., a pro se former Ohio prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This action arose while Jones was an inmate at the London Correctional Institution. Jones alleged that the defendants denied him over 1000 credit hours in a barber training program. Jones alleged that he was not properly registered for his classes because his records had been wrongfully altered. The district court sua sponte dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding that state inmates had no constitutionally protected right to educational credits under the circumstances alleged in the complaint. Jones was paroled from prison in March 1990.
 
 
 3
 On appeal, Jones reasserts his claims, and moves for the appointment of counsel.
 
 
 4
 Upon review, we affirm the district court's judgment as the complaint lacks an arguable basis in law. See Neitzke v. Williams, 109 S.Ct. 1829, 1831 (1989). There is no constitutional right to vocational or educational programs in prisons. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Garza v. Miller, 688 F.2d 480, 486 (7th Cir.1982), cert. denied, 459 U.S. 1150 (1983). Nor does Jones have a state created liberty interest in such programs subject to due process protection. See Ohio Rev.Code Secs. 5120.03, 5120.43 and 5120.44. Therefore, the alleged denial of credit hours does not infringe upon any federally protected right.
 
 
 5
 Accordingly, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.